UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALCOLM WASHINGTON,

                              Plaintiff,

          -against-

INTERSCOPE RECORDS,

                              Defendant.

23-CV-8910 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*, invoking the Court's federal question and diversity jurisdiction. By order dated October 13, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this suit against Defendant Interscope Records, which he states is a citizen of California. He asserts that he is bringing federal claims for "identity theft" and violations of "the privacy act." (ECF 1 at 2.) Plaintiff alleges the following:

> People began saying my name alongside my social media exploit. I didn't have anywhere to go I had to say my name was Worldpeace Meta. I know she loves me. I didn't know her manager would go a deferent route. Her talent scout agreed we should be together. Interscope should accept responsibility. They said she was done. I didn't agree. They allowed society to hold her against her will. I'm Hollywood. She's Hollywood. We both grew up in the 90's. I knew about her. Michael Jackson found out about her. She knows how I feel. I thought she would sell more albums than anyone.

(*Id.* at 5.)[1]

These are the only factual allegations in the complaint. In response to a question about the injuries that Plaintiff has suffered as a result of these actions, he states: "meds, surgery, rehab, exam; mental, physical, and dental, eye." (*Id.* at 6.) In his prayer for relief, Plaintiff seeks "reputation, credibility." (*Id.*)

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads sufficient factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.

---

[1] All spelling and punctuation in quoted material is from the original.

In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

"A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (summary order) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). "Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted). A complaint that fails to comply with Rule 8 may be dismissed. *See Da Costa v. Marcucilli*, 675 F. App'x 15, 17 (2d Cir. 2017) (summary order) (dismissing a complaint because it was convoluted, repetitive and difficult to understand); *Anduze v. City of New York*, No. 21-CV-519, 2021 WL 795472, at *2 (S.D.N.Y. Feb. 26, 2021) (dismissing a complaint because "the [c]ourt is unable to properly evaluate the full nature and extent of [the] [p]laintiff's claims").

Here, even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's complaint does not provide information about what Defendant Interscope Records did or failed to do that violated Plaintiff's rights. Plaintiff does not include facts about

what happened or why he is entitled to the relief that he seeks. Plaintiff's complaint thus fails to comply with Rule 8 and does not state a claim on which relief can be granted.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a)  the names and titles of all relevant people;

    b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-8910 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    November 6, 2023
          New York, New York

                                         /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                                  (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                       Middle Initial          Last Name

_____

Street Address

_____

County, City                       State              Zip Code

_____

Telephone Number                 Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                  Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                  Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                  Zip Code

Defendant 4:

_____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.